In the Matter of FRANK BARTKE, Respondent, against CITY OF ALBANY et al., Appellants.— Appeal from an order of the Supreme Court made at an Albany Special Term in a proceeding under article 78 of the Civil Practice Act. The order grants the relief prayed for in the petition of petitioner-respondent and, in substance, directs respondent-appellant, commissioner of buildings in the department of buildings in the city of Albany, to proceed promptly and take such steps as are necessary in order to support and render safe and secure the building walls on certain premises adjoining and contiguous to petitioner's vacant lot at 178 State Street, to the end that they shall be and remain safe for petitioner to excavate on his lot and construct thereon a building in accordance with plans and specifications theretofore duly filed and approved and upon which a building permit was theretofore issued by the respondent-appellant. The excavation designed and intended for petitioner's building is not to be carried to a depth of more than ten feet. Neither of the building walls on the adjoining premises are party walls and they cannot form any part of the construction proposed on petitioner's lot. Under the circumstances shown the matter of protecting the walls and structures on the adjoining premises and continuing them in a safe condition during the progress of petitioner's construction and thereafter, will, in such accomplishment, be difficult and expensive. Under the provisions of the City's Building Code, as at common law, that burden is placed upon the adjoining owners. Although duly notified so to do they failed and neglected to take action and one has expressly refused to act. The City's Building Code further provides that in such case, " the Superintendent of Buildings [now, Commissioner of Buildings] shall enter upon the premises and employ such labor, * * * and take such steps as in his judgment may be necessary to make the same safe and secure or to prevent the same from becoming unsafe or dangerous "; and a further provision casts the cost into a lien against the property upon which the work is done and directs its collection " by the city from the owner * * * in the same manner as taxes are collected." The appellants' contention is that under the code's provisions, which call for action by him on the neglect of the adjoining owners, he has a discretion whether to act at all. It is patent that, if petitioner is to proceed with his construction, action by someone is vital in the interest of public safety. The appellant has recognized this and after inspecting the premises forbade operations under petitioner's building permit. Petitioner appears to have no other adequate remedy than the one he has pursued. We agree with the Special Term that the action it has compelled is the performance of a duty enjoined by law upon the respondent-appellant. In its performance he has a wide discretion as to the way and manner the work shall be done. He may not decline to perform it because of its difficulties and risks. Order unanimously affirmed, with $10 costs and disbursements. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.